[No. 29128. *En Banc.* February 3, 1944.]

IRENE FLYZIK, *Respondent,* v. THE TRAVELERS INSURANCE
COMPANY, *Appellant.*[1]

*Williams & Davis,* for appellant.
*Clarence J. Coleman,* for respondent.

BEALS, J.—This is a companion case to that of *Flyzik v. The Travelers Insurance Co., ante* p. 35. Plaintiff, Irene Flyzik, is a daughter of the late Martin J. Flyzik and Cora Flyzik, the plaintiff in the case referred to. Irene Flyzik is the beneficiary in a three thousand dollar additional indemnity contract of insurance attached to a life insurance policy written by appellant upon the life of her father, Martin J. Flyzik. Irene Flyzik instituted this action upon the policy referred to, and her action and that of her mother in the case cited were tried together, the jury returning in this case, as in the other, a verdict for plaintiff. The insurance company has appealed from the judgment entered upon the verdict.

The facts are stated and discussed in the opinion cited. The only difference between the policies is that, in the policy sued upon in this action, the insurer agreed to pay the amount of the policy to the beneficiary upon receipt of due proof that

" . . . the death of said insured has resulted from bodily injuries effected directly and independently of all other causes through external, violent and accidental means within ninety days from the date of the accident which shall have caused such injuries and of which, except in the case of drowning or internal injuries revealed by an autopsy, there is a visible contusion or wound on the exterior of the body, and provided such death does not result from (a) disease of any kind, directly or indirectly . . ."

For the purpose of this opinion, the only difference between the policy in favor of Cora Flyzik and the policy here in suit is that the policy last referred to provided that to render the insurer liable in case of death, there must appear some visible contusion or wound on the exterior of the body.

As it is admitted that there clearly appeared upon Mr. Flyzik's forehead a bruise or abrasion, this condition is met.

The jury having rendered its verdicts against appellant in each of the two cases upon the same evidence, the same conclusion should be reached in the case now under consideration. Appellant makes the same assignments of error, and has filed practically identical briefs in the two cases.

[1]Reported in 145 P. (2d) 545.

For the reasons set forth in the opinion in the case of *Flyzik v. The Travelers Insurance Co., supra,* the judgment appealed from herein is affirmed.

MILLARD, STEINERT, BLAKE, JEFFERS, MALLERY, and GRADY, JJ., concur.

SIMPSON, C. J. (dissenting)—I dissent for the same reasons advanced in *Flyzik v. The Travelers Insurance Co.* filed this day.

ROBINSON, J., concurs with SIMPSON, C. J.